UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>CARLOS MORALES-JAVIER,<br>    *Defendant*. | )<br>)<br>)   3:21-cr-225 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Carlos Morales-Javier moves this court for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mot. for Early Termination of Supervised Release 1, ECF No. 4 ("Def.'s Mot."). The court has reviewed the Motion and the record in this case. For the reasons discussed herein, the motion is **DENIED**.

In 2015, Mr. Morales-Javier was indicted in the Eastern District of Pennsylvania. Def.'s Mot. at 1–2. On May 11, 2016, he pleaded guilty to Conspiracy to Distribute 500 Grams or more of Methamphetamine and 1 Kilogram or more of Heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and Possession of 500 Grams or More of Methamphetamine and 1 Kilogram or More of Heroin with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Probation Transfer of Jurisdiction 21, ECF No. 1 ("Transfer Order"). He was sentenced to 96 months in prison followed by 60 months of supervised release. *Id.* at 22–23. On December 22, 2021, while Mr. Morales-Javier was on supervised release, this matter was transferred to the District Court for the District of Connecticut. Transfer Order at 1.

Mr. Morales-Javier moved for early termination of supervised release after serving approximately 40 months of his 60-month sentence. Def.'s Mot. at 2. However, the

1

United States Probation Office ("USPO") has informed the court that Mr. Morales-Javier was arrested and charged with trafficking cocaine in Massachusetts, though the court was not presented with a case docket number, and the court has not been able to independently confirm the arrest or detention via Internet search.

While the motion for early termination may be renewed with additional information as to the result of any such arrest and related criminal case, or documentation from USPO which might shed light on this issue. Until then, however, the court must find that the movant has not satisfied the rehabilitative purpose of supervision as he argues, and that he arguably might be in violation thereof via allegations of new criminal conduct. Thus, termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) not warranted at this time, and the motion is **DENIED.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 14th day of April, 2025.

                                          /s/
                                OMAR A. WILLIAMS
                                UNITED STATES DISTRICT JUDGE